OPINION OF THE COURT
Margaret Taylor, J.
This is an article 78 proceeding in which petitioner, who is currently serving a sentence at Ossining Correctional Facility based on a conviction for the sale and possession of narcotics, seeks certain material under the Freedom of Information Law (FOIL) from the Police Department of the City of New York (the Department) or, in the alternative, for the court to examine the requested material in camera.
On April 21,1980, the petitioner requested investigatory records compiled during the conduct of the Department’s investigation into petitioner’s sale and possession of narcotics. The initial application of the petitioner was denied in á form letter by the public inquiry and requests section of the Department on the ground that section 87 of the Public Officers Law did not require disclosure. In that same letter the Department section also told the petitioner that any appeal of its decision should be made to the *537 Deputy Commissioner of Legal Matters and that: “you will be notified in writing of the results of your appeal within (7) business days of receipt.”
Within 30 days petitioner initiated his administrative appeal to the Deputy Commissioner of Legal Matters. Neither the Deputy Commissioner nor respondent Robert McGuire, Police Commissioner of the City of New York; rendered a determination upon petitioner’s appeal.
The question presented is whether petitioner has exhausted all of his administrative appeals and, if so, whether he is entitled to the requested material.
Section 89 (subd 4, par [a]) of the Public Officers Law (FOIL) states that “Any person denied access to a record may within thirty days appeal in writing such denial to the head, chief executive or governing body of the entity, or the person therefor designated by such head, chief executive, or governing body, who shall within seven business days of the receipt of such appeal fully explain in writing to the person requesting the record the reasons for further denial, or provide access to the record sought.”
This statute requires petitioner within 30 days to make only one appeal within the Department. That appeal had to be to the Department’s head, chief executive or governing body or to the person designated by such head, chief executive or governing body. Although no designation has been affirmatively shown, the court presumes that in compliance with the requirements of FOIL, the Deputy Commissioner of Legal Matters was the person designated by the Department’s head, chief executive or governing body to be the final appellate entity within the Department.* Thus, the petitioner in this case exhausted his administrative remedies when he appealed to the Deputy Commissioner of Legal Matters. If the court found otherwise, an agency could totally frustrate a request for information by merely refusing to designate a person within an agency to consider appeals or by requiring many appeals before many persons or entities within the agency before a person *538 could be said to have exhausted her/his administrative remedies. Having exhausted his administrative remedies petitioner nevertheless did not receive either the requested records or any explanation of any kind as required by the statute.
Under FOIL the consequences of a failure of an agency’s appellate entity to explain its refusal in writing within seven business days is very specific. The statute requires that the agency “shall’* within seven business days either fully explain in writing reasons for denial “or” provide access. The statute recognizes a right of citizens to obtain access to information in the possession of the government and provides a procedure which places an affirmative duty on the custodian. (See Public Officers Law, § 84 [FOIL].) The statute specifies two alternatives when information is requested: the petitioner can be denied the material upon full explanation or can be provided access. Implicit in the imposition of the duty is a sanction for disobedience. Custodians cannot fail to respond. A necessary implication from the language is that failure to explain in writing reasons for denying access compels a court to find that a petitioner is entitled to access.
The plain, unambiguous mandate of the statutory language cannot be avoided by an agency’s failing to make its administrative choice. Government agencies could all too easily undermine the purpose of FOIL by simply ignoring requests, thus making it more costly and burdensome for the seeker to obtain access to public records by way of court order. The public officer’s failure to comply with statutory requirements would so overburden petitioners that their rights to access would become meaningless.
FOIL’S basic thrust is disclosure and only when another critical value conflicts does the law permit nondisclosure. In Matter of Fink v Lefkowitz (47 NY2d 567, 571), in which provisions of a manual which set forth confidential techniques used in successful nursing home prosecutions were held exempt from disclosure under FOIL, the Court of Appeals stated: “[T]he agency does not have carte blanche to withhold any information it pleases. Rather it is required to articulate particularized and specific justification *539 and, if necessary, submit the requested materials to the court for in camera inspection”.
Factors prominent in promoting FOIL, patterned after the Federal Freedom of Information Act, were an effort to assuage feelings of distrust and alienation experienced by citizens toward impersonal, remote or powerful institutions. (United States Dept of Justice, Officer of Information Law & Policy, Freedom of Information Case List, Sept., 1980.) FOIL is intended to produce openness, uniformity, ease of access and speed in the bureaucratic processing of FOIL requests. The policy of the law is subverted by an agency’s lack of response, inertia or oversight.
From the language of the statute itself and the public policy behind the act, the court finds that a failure to respond is so contrary to legislative intent that this event is deemed an exhaustion of administrative remedies and requires that the custodian provide access to the material. In this way, public officers will be encouraged to fulfill their statutory duties and the public interest will be properly served.
The court expresses no opinion on whether the requested documents fall within one of the exceptions to the statute requiring that access be provided. The court finds only that a custodian’s failure to respond in accordance with the statutory command will be deemed a decision that petitioner is entitled to his request.
Accordingly, the respondent is ordered to produce the information requested by petitioner in his letter of April 21, 1980 on or before April 16, 1981.

 This presumption is further supported by the Department’s own form letter wherein it advises petitioner that he would “be notified in writing of the results of your appeal within (7) days of receipt.” This language practically tracks the words of section 89 (subd 4, par [a]) of the Public Officers Law.